ANNIE BARRETT, an Infant, by her Guardian *ad litem*, Appellant, *v.* GEORGE WALDO SMITH et al., Respondents.

In an action against the owners of a truck, to recover damages for alleged negligence, the evidence tended to show these facts: The driver was driving very rapidly along a street, upon one side of which there was no sidewalk and this side was bounded by a wall near which some children were playing, among them the plaintiff. The children were in plain view of the driver; the truck moved along without turning, about three feet from the wall; plaintiff was struck by one of the horses and injured. *Held,* that the evidence sufficiently showed negligence on the part of the driver to require the submission of the question to the jury.

(Argued June 15, 1891; decided June 23, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 4, 1891, which affirmed a judgment entered upon an order of the court on trial at Circuit dismissing the complaint.

The following is the opinion in full:

"We are of opinion that the case should have been submitted to the jury. It is undisputed that the children were in plain view of the driver when he was several blocks away. They had gathered next to the high wall on the east side of the avenue, attracted there by the escape of a bird which had flown into an opening in the wall near the bottom. The roadway was at this point about twenty-five feet wide, between the curb of the sidewalk on the west side of the avenue and the wall, there being no sidewalk on the side next to the wall. All the witnesses concur in stating that the truck was being driven very fast. One witness, who was in a wagon back of the truck and going in the same direction, testified that the truck was moving at the rate of six miles an hour, a speed in excess

of that permitted by the ordinance. It was moving parallel with the wall, but there is some discrepancy as to the distance therefrom. The person in the wagon following the truck, a block and a half behind, thought the distance was about fifteen feet. One of the children at the wall, a boy twelve years old, said the truck went about three feet away from the wall, and the mother of the plaintiff, who saw the accident from a window opposite, says the same thing.

" The boy McLean says that when the truck came along he went up close to the wall to escape, and that Annie (the plaintiff) was so frightened she did not know where to go, and the horses struck her and she fell. ' She was so frightened that she made a turn to run towards the wall and made another one to run towards the street, and then the horse kicked her.'

" It cannot be said upon this proof that there was an absence of all evidence of negligence on the part of the driver of the truck. The driver was bound to use reasonable care in using the street. He could not keep on his way driving rapidly in plain view of the children and so near the wall as to expose them to danger, taking no precautions, provided he saw them or ought to have seen them. If the jury shall accept the statement of the witness who testified that his truck was being driven at a distance of fifteen feet from the wall, there would be slight ground for imputing negligence. The injury to the child could then be accounted for only on the supposition that without cause she undertook to cross the street in front of the horses, a movement which he could not reasonably have anticipated. But if he drove within three feet of the wall, it would be for the jury to say whether it was, under the circumstances, a reasonable and prudent act. Some of the children were intent upon capturing the bird, and the others, including the plaintiff, were watching the proceeding. If the truck was moving in a path but three feet from the wall, the fright of the plaintiff when she discovered it, was natural and might reasonably have been anticipated by the driver, and the situation ought to have admonished him of the necessity of slackening his speed or crossing to the other side of the road before passing the children.

" If the plaintiff had clung to the wall she would have been

safe, but in her terror she first turned one way, and then toward the horses, and got in front of them and was injured. But she was not chargeable for not taking the most prudent course. The driver (upon the version of the transaction given by the boy) produced by his own conduct that condition of mind in the child which deprived her of even that small degree of judgment which a child of four years of age may be supposed to possess. She tried to save herself from a danger which she might reasonably anticipate, but did precisely the wrong thing. Her mistake, however does not deprive her of remedy, provided the jury should find that the driver was guilty of negligence. We express no opinion as to that fact, and what has been said bears only upon the point whether the case should have been left to the jury.

" The nonsuit was placed exclusively upon the ground that there was no negligence on the part of the driver. The point of contributory negligence of the parents in permitting the child to be in the street was not passed upon by the court. Under the circumstances proved, that fact was also, we think, for the jury.

" The judgment below should be reversed and a new trial ordered, with costs to abide the event."

*Richard O' Gorman, Jr.*, for appellant.

*James A. Seaman* for respondents.

*Per Curiam* opinion for reversal.
All concur.
Judgment reversed. _____