HATCH. J.
—The evidence on the part of plaintiff tended to establish, and the jury were authorized to find, that the plaintiff, axbout 7 o’clock on the morning of November 11, 1892, was lawfully upon North Tenth street, in the city of Brooklyn, in company with an Italian, who was leading a horse which he was about to attach to a cart used by a contractor in cleaning the streets of the city. Plaintiff was a foreman in the employ of the contract- or, and accompanied the Italian for the purpose of instructing the latter in and about the performance of his duties. In walking upon the street, going east, plaintiff was to the left of the Italian, and nearer the center of the street, upon its right side. The street was 30 feet wide, unpaved, without curbing or gutter. It was a light, clear morning, with nothing to obstruct the vision. Under these circumstances, defendant’s agent approached from behind, driving a horse attached to a truck the hubs of which projected beyond the rim of the wheel six inches. It made no noise upon the dirt, and otherwise gave no warning of its approach. Plaintiff was not aware of its presence until, as he testifies, the hub of the forward wheel struck him, knocked him to the ground, bruised him upon the hip, and the hind wheel ran over his arm, producing a fracture. There was some dispute in the testimony whether plaintiff was walking or standing still at the time he was struck, and whether he was hit by the forward or hind wheel. Defendant claimed that he was bent over at the time the front wheel passed him, and that he was not struck by it, but that, after this had passed he raised up, changed his position, and brought himself in contact with the wheel. This question was faiily submitted to the jury, and they have found against defendant’s contention in this regard.
The evidence clearly warranted a finding of negligence upon defendant's part. The street was clear; the morning light. The ■driver saw plaintiff and the Italian upon the street. His horse was under perfect control, and it was clearly within his power to easily avoid coming in contact with plaintiff’s person, whether he was at the cart or walking towards it. The driver was required to -exercise that degree of diligence and care which would be expected of a person of ordinal prudence and capacity under like circumstances. " We think the jury were authorized to find that the driver failed in this measure of care, and was consequently guilty of negligence; and upon the testimony, we think the jury were authorized in finding plaintiff omitted no duty which he owed in the premises, and that his cause of action was made out.
The amount of the verdict is quite liberal, eensidering the character of the injury and the effects which flowed thereform. We should have been better satisfied if the amount awarded had been less, but, upon the testimony, the jury were warranted in reaching the conclusion they did; and we cannot say, as matter of law, that the amount discredits the verdict, upon any legal aspect of the case.
*488 The judgment and order appealed from must be affirmed, with costs.
All concur.