ELLEN M. RUSH, an Infant, by ELIZABETH RUSH, her Guardian ad Litem, Appellant, v. JOSEPH H. BAULAND COMPANY, Respondent.

*Negligence — injury from being run down by a horse and wagon while crossing a street — when it presents a question for the jury.*

In an action to recover damages for personal injuries sustained by the plaintiff, who was run down by the defendant's horse and wagon while crossing from the southeast corner of Fourth avenue and Twenty-second street, in the borough of Brooklyn, to the westerly side of the avenue, it appeared that the plaintiff, a girl sixteen years of age, before attempting to cross the avenue, looked up and down the avenue, but saw only a truck carting stone, which was then between Twenty-first and Twenty-second streets, approaching slowly; that she traveled across the avenue upon the crosswalk to a point within three or four feet from the westerly curbstone; that, hearing a shout, she looked up the avenue towards Twenty-first street and, for the first time, saw, about two or three feet away, the defendant's horse and wagon coming towards her in a direct line; that she tried to escape by running toward the sidewalk, but was struck by the horse.

The horse had galloped from a point midway between Twenty-first and Twenty-second streets, but when it came within seventy-five feet of the crosswalk over which the plaintiff was passing, the driver began to tug upon the reins and to saw upon the horse's mouth. As he did so, the horse left the center of the street and went in toward the curb. When the horse was fourteen feet from

the plaintiff he was traveling at the rate of a mile in three or three and a half minutes, and this speed continued up to the time of the accident.

*Held,* that the question whether the defendant was guilty of negligence and whether the plaintiff was free from contributory negligence should have been submitted to the jury and that it was error for the court to nonsuit the plaintiff.

APPEAL by the plaintiff, Ellen M. Rush, an infant, by Elizabeth Rush, her guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 15th day of March, 1902, upon the dismissal of the complaint by direction of the court, after a trial at the Kings County Trial Term, and also from an order entered in said clerk's office on the 15th day of March, 1902, denying the plaintiff's motion for a new trial made upon the minutes.

*George W. Roderick,* for the appellant.

*John Vernou Bouvier, Jr.,* and *Frank V. Johnson,* for the respondent.

JENKS, J.:

The plaintiff attacks this judgment armed with the most favorable inferences from the evidence, and with all disputed facts as if established in her favor. (*Place* v. *N. Y. C. & H. R. R. R. Co.,* 167 N. Y. 345.) If there was evidence in law which, if believed by the jury, would have sustained a verdict for the plaintiff, then the nonsuit was error. (*Colt* v. *Sixth Ave. R. R. Co.,* 49 N. Y. 671; approved in *McDonald* v. *Met. St. Ry. Co.,* 167 id. 66; *Place* v. *N. Y. C. & H. R. R. R. Co., supra.*) The following facts could have been found upon the evidence: In the afternoon of June 20, 1899, in the borough of Brooklyn, the plaintiff, a girl sixteen years old, attempted to cross Fourth avenue at its intersection with Twenty-second street. First she looked up and down the avenue, but saw only a truck carting stone. It was then between Twenty-first and Twenty-second streets, approaching slowly. She thereupon stepped from the curbstone at the southeast corner of the avenue and Twenty-second street and traveled upon the crosswalk across the avenue to a point within three or four feet from the westerly curbstone of the said avenue and the said Twenty-second

street. Then, hearing a shout, she looked up the avenue towards Twenty-first street, and, for the first time, saw, about two or three feet away, the defendant's horse and wagon coming towards her in a direct line. She tried to escape by running towards the nearest sidewalk, but was struck down by the horse. The horse had galloped from a point midway between Twenty-first and Twenty-second streets, but when it came within seventy-five feet of the crosswalk whereon the plaintiff was passing the driver began to tug upon the reins and to saw upon the mouth of the horse. As he did so the horse left the granite pavement, which was laid for a space of twenty-five feet in the center of the street, and went in towards the curb upon cobblestone pavement, which was laid for a space of eighteen feet upon either side of the granite way. When the horse was fourteen or fifteen feet from the plaintiff he was jumping and galloping, and was then traveling at the rate of a mile in three to three and one-half minutes, and this speed continued up to the time of the accident. I think upon this evidence that there was, at the time the court gave nonsuit, a fair question for the jury as to the negligence of the defendant. (*Barker* v. *Savage,* 45 N. Y. 194; *Brooks* v. *Schwerin,* 54 id. 343; *Murphy* v. *Orr,* 96 id. 14; *Moebus* v. *Herrmann,* 108 id. 349; *Canton* v. *Simpson,* 2 App. Div. 561; *Birkett* v. *Knickerbocker Ice Co.,* 110 N. Y. 504.)

The question of contributory negligence was, at that time, also for the jury. The plaintiff testifies that she looked up and down the avenue immediately before she began her journey upon the crosswalk. If she thereafter went on her way with her eyes straight ahead, it cannot be said, as a matter of law, that, under the circumstances, she was thereby negligent. (*Zwack* v. *N. Y., L. E. & W. R. R. Co.,* 160 N. Y. 362.) If, in her effort to escape collision, she ran into the danger, that does not render her remediless if the danger was one that she might not reasonably anticipate and if the driver was negligent. (*Barrett* v. *Smith,* 128 N. Y. 607.) If, under the stress of acute cross-examination, the story of a witness as to the incidents of an accident is not consistent, or may contain improbabilities, or may be open to suspicion, or may, as to some parts be contradictory of that of the other witnesses called by the same party, yet when after all the right to the verdict depends upon the credibility to be accorded to witnesses, and their testimony is not incred-

ible or insufficient as matter of law, the jury must take the case. (CULLEN, J., in *Fealey* v. *Bull*, 163 N. Y. 402.)

The judgment of nonsuit should be reversed and a new trial be granted, with costs to abide the event.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.