POWLES v. HALSTEAD et al.

(Supreme Court, Appellate Division, Second Department. April 29, 1904.)

1. NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
    In an action for injuries owing to a collision between defendants' truck and one plaintiff was loading, the evidence *held* sufficient to render the question of defendants' negligence one for the jury.

Appeal from Trial Term, Kings County.

Action by Walter Powles against Pearson Halstead and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

James C. Cropsey, for appellant.

John Ford, for respondents.

HIRSCHBERG, P. J. The plaintiff was injured in the daytime while standing on the pier of Mallory & Co., East river, in the borough of Manhattan, behind a one-horse truck belonging to Charles Burke, which he, the plaintiff, was assisting Burke in unloading. There was evidence tending to establish that his injuries were occasioned by the backing against his truck of a large double truck belonging to the defendants and in charge of one of their drivers. The collision was of

such force as to break the shafts of the truck which the plaintiff was unloading, to throw down the horse which was harnessed to that truck, and to crush the plaintiff between the truck and some boxes which were piled up about three feet distant. There was evidence tending to establish, further, that at the time of the collision the horse attached to the plaintiff's truck was standing still.

The learned trial justice dismissed the complaint at the close of the case on the ground that there was no evidence of defendants' negligence which would warrant a submission of the question to the jury, saying to the plaintiff's counsel, "I think you must show some act on the part of the driver that was reckless or negligent, or wanton or wrong in some way, and I do not see that you have shown any." There being evidence from which the jury might have reasonably inferred that the plaintiff's horse was standing quietly at the time, and that the collision was consequently the result of an effort on the part of the defendants' driver to turn or back his truck upon the dock, it was a question of fact whether that result could not have been accomplished in the exercise of ordinary care, without the violent contact which ensued. No claim was made that there was not ample room for both trucks, or that the defendants' driver was prevented in any manner from seeing what he was doing. Indeed, that driver presented his version of the occurrence, and, assuming that the event was as he described it was not a physical impossibility, it certainly raised a clear issue of fact. The plaintiff's truck was standing east and west, the horse facing westerly, with the truck backed towards the river or easterly end of the pier. The defendants' driver drove upon the dock from the shore end, and when he reached the neighborhood of the river end he endeavored to turn his horses for the purpose of backing up alongside of the other truck. He testified:

"As I turned around, trying to back to Mr. Burke's truck, backing up— As I was turning around I hollered, 'Hey, there!' and the horse backed down, and his truck got into mine and crushed alongside of the dock, and I stopped my horse as quick as I could. * * * While I was backing in, Burke's truck backed up in my way, and I hollered, 'Hey there!' as I was swinging around trying to back in. His truck hit mine. The two trucks collided. Burke's truck was standing into the river, and the horses standing to the shore, like. The horse was west and the truck was east, That is, the truck was backed up and the horses swung to one side, right alongside of the dock. Just before the accident my truck was just the same thing. * * * When I was backing up, Mr. Burke's horse backed up and backed into my truck, and the two trucks come together. I was looking back all the time. Burke's horse was standing still when I started to back up. Up to that time I hadn't stopped at all. I was trying to get in. I was swinging in to get in position, and Mr. Burke's horse backed up."

It is not very clear how, under the circumstances, the horse attached to the truck which the plaintiff was unloading could have backed that truck against the defendants' truck, but even if the statement of the witness was such as was calculated, if accepted, to exculpate him from the blame and consequent liability with which he would otherwise be chargeable, his credibility was a matter for the consideration of the jury. That the case should have been submitted to the jury for determination has been often decided in controversies involving somewhat similar conditions. See Murphy v. Weidmann Cooperage, 1 App. Div.

283, 37 N. Y. Supp. 151; Smith v. Bailey, 14 App. Div. 283, 285, 43 N. Y. Supp. 856; Nead v. The Roscoe Lumber Company, 54 App. Div. 521, 66 N. Y. Supp. 419; Curley v. Electric Vehicle Co., 68 App. Div. 18, 74 N. Y. Supp. 35; Steinacker v. The Hills Bros. Co. (Sup.) 87 N. Y. Supp. 33; Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.