### CHERBULIEZ v. PARSONS.

(Supreme Court, Trial Term, Queens County. June 25, 1908.)

1. DAMAGES—EXCESSIVE—PERSONAL INJURIES.

Where plaintiff's incompetent, when injured, was a bright, active, intelligent woman, about 40 years of age, and her injuries included in their direct consequences her insanity, a verdict of $12,000 therefor and loss of earnings was justified.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 372–396.]

2. MUNICIPAL CORPORATIONS—INJURIES IN STREETS—QUESTIONS FOR JURY—NEGLIGENCE.

In an action for injuries to a pedestrian who was run down by a horseman, the horseman's negligence *held* for the jury.

3. SAME—EVIDENCE—SUFFICIENCY.

In an action for injury to a pedestrian, who was run down by a horseman, the fact that no one could testify that he saw the pedestrian look, she having been judicially committed and actually confined as an insane person at the time of the trial, and therefore unable to testify, does not necessarily show that she did not do so, if the facts and surrounding circumstances justify an inference that she exercised care.

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where, if a pedestrian who was run down by a horseman looked at the time she turned from the macadam pavement in the center of the street, to cross diagonally in a northeasterly direction to the sidewalk, and saw the horseman, one-half or one quarter of a block or 444 feet behind her, to her right, she was not negligent, as a matter of law, in moving toward the sidewalk.

**5. SAME.**
> It was not fatal to recovery for injuries to a pedestrian who was run down by a horseman that it was not shown that the pedestrian looked, where, had she in fact looked, she would have been warranted in crossing.

**6. SAME—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.**
> In an action for injury to a pedestrian who was run down by a horseman, her failure to hear the approach of the horse galloping noiselessly on soft dirt, while boys in the immediate vicinity were beating barrels, presented a circumstance bearing on her conduct, for the jury's consideration.

**7. SAME.**
> The startled and frightened act of quickened movement by a pedestrian in her effort to escape collision with a galloping horse about 10 feet away, as the surface on which the horse traveled changed from soft dirt to cobblestone, with the consequent variation in noise, did not render her remediless, if the danger was one she might not have reasonably anticipated if the horseman was careful.

Action by Alice K. Cherbuliez, as committee of the person and property of Adele Cherbuliez, an incompetent person, against Robert E. Parsons. There was a verdict for plaintiff, and defendant moved to set the same aside. Motion denied.

See 123 App. Div. 814, 108 N. Y. Supp. 321.

Davies, Stone & Auerbach (Herbert Barry and Henry B. Short, of counsel), for plaintiff.

Parsons & Milne (Stephen O. Lockwood, of counsel), for defendant.

STAPLETON, J. The plaintiff, as committee of the person and property of Adele Cherbuliez, an incompetent person, sued to recover damages for personal injuries alleged to have been sustained by her incompetent through the sole negligence of the defendant. The jury rendered a verdict for $12,000, and the defendant moves to set it aside. The nature of the injuries, their direct consequences, including insanity, and the past and future loss of earnings, justify the amount of the verdict. While all authorized grounds for the motion were assigned, that the verdict in general was contrary to law and evidence is argued, and the failure of the plaintiff to establish the negligence of the defendant and the freedom from negligence on the part of her incompetent is specifically urged.

On election day, November 7, 1907, the plaintiff's incompetent, a bright, active, intelligent woman, about 40 years of age, was proceeding northerly along Parsons avenue, a public street, in the borough of Queens. Parsons avenue is 43 feet in width, was constructed of macadam pavement in the center, about 25 feet in width, and soft dirt roads of equal width to either side. There were no sidewalks from Chestnut street to Mitchell avenue, streets which intersected Parsons avenue and formed a block thereof. Pedestrians at this place customarily used the macadam. At the intersection of Mitchell avenue (a 35-foot street), at the southerly line thereof, the plaintiff's incompetent left the center of the macadam, and proceeded in a diagonal direction toward the northeasterly corner of Parsons and Mitchell avenues, where a sidewalk or path along Parsons avenue began running northerly. At the time the plaintiff's incompe-

tent made that turn, the defendant, an equestrian, was on the soft dirt road on the east side of Parsons avenue, a half or a quarter of the distance of the 444 feet block between Chestnut street and Mitchell avenue coming northerly, his horse galloping, the gallop continuing until the collision. The day was clear. The view of each of the actors was unobstructed. Some boys were making noise beating barrels they were gathering for a bonfire. When the plaintiff's incompetent reached a point about eight or ten feet from the sidewalk, at or near the northeast corner of Parsons avenue and Mitchell avenue, she quickened her pace. There was a cobblestone pavement placed in the dirt road for part of its width, the southerly beginning of which was about eight or ten feet from the line along which the plaintiff's incompetent was proceeding just before the collision. The horse's feet struck the cobblestones eight or ten feet away from where plaintiff's incompetent was at the time immediately preceding the quickened movement of plaintiff's incompetent. The defendant, his horse galloping, turned to the right and east, and in close to the curb. The horse's knees struck the plaintiff's incompetent, and she was thrown to the ground and injured. This version of the occurrence is satisfactorily sustained by evidence. Its narration clearly suggests that upon the proposition of defendant's negligence it was plainly a question for the jury. Barker v. Savage, 45 N. Y. 191, 194, 6 Am. Rep. 66; Moebus v. Herrmann, 108 N. Y. 349, 352, 15 N. E. 415, 2 Am. St. Rep. 440; Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 507, 18 N. E. 108; McClain v. Brooklyn City Railroad Co., 116 N. Y. 459, 22 N. E. 1062; Murphy v. Weidmann Cooperage Company, 1 App. Div. 283, 37 N. Y. Supp. 151; Nead v. Roscoe Lumber Company, 54 App. Div. 621,622, 66 N. Y. Supp. 419; Wiel v. Wright, 29 N. Y. St. Rep. 763, 8 N. Y. Supp. 776; Reens v. Mail & Express Publishing Co., 10 Misc. Rep. 122, 30 N. Y. Supp. 913, affirmed 150 N. Y. 582, 44 N. E. 1128.

Defendant contends there was no proof of plaintiff's incompetent's freedom from contributory negligence. No proof that she used her faculties before or at the time she took a line of movement which if she continued would cross the line of defendant's progress, or at any time in relation to this transaction. Plaintiff's incompetent was judicially committed and actually confined as an insane person at the time of the trial. No authority has been cited, no reason has been suggested, and none occurs to me why the rules established in considering and disposing of this question, where the party injured is dead and a legal representative brings a statutory action, should not completely apply. The fact that no one could testify that he saw the incompetent look does not necessarily show she did not do so if the facts and surrounding circumstances justify an allowable deduction or inference that she exercised care. Schafer v. The Mayor et al., 154 N. Y. 466, 48 N. E. 749; Woodworth v. N. Y. C. & H. R. R. Co., 55 App. Div. 23, 66 N. Y. Supp. 1072, affirmed 170 N. Y. 589, 63 N. E. 1123. If she looked at the time she turned and proceeded in a diagonal direction and saw the horseman, from whom she had a right to expect ordinary care, one-half or one-quarter the distance

of a block 444 feet in length—i. e., 222—or 111 feet behind her to her right as she was going northerly, she was not negligent as a matter of law in moving toward the sidewalk. If she thereafter went on her way with her eyes straight ahead, it cannot be said as a matter of law she was thereby negligent. Rush v. Bauland Company, 82 App. Div. 506, 508, 81 N. Y. Supp. 830. It was not fatal to plaintiff's case on the branch of contributory negligence to fail to prove that the incompetent looked where the approaching rider was at such a distance when she turned to cross that had she in fact looked she would be warranted in crossing. Monck v. Brooklyn Heights R. R. Co., 97 App. Div. 447, 90 N. Y. Supp. 818, affirmed 182 N. Y. 567, 75 N. E. 1131.

The incompetent's failure to hear the approach of the horse galloping noiselessly on soft dirt while boys in the immediate vicinity were beating barrels presented a circumstance bearing on conduct for the jury's consideration. The startled and frightened act of quickened movement on the part of the incompetent in her effort to escape collision with a galloping horse in proximity of about ten feet as the surface on which he traveled changed from soft dirt to cobblestone, with the consequent variation in noise, whereby she perhaps touched peril more closely, does not render her remediless, if the danger was one she might not reasonably anticipate if the horseman was careful. Barrett v. Smith, 128 N. Y. 607, 28 N. E. 23; Coulter v. American Merchants' Union Ex. Co., 56 N. Y. 585. Contributory negligence on the part of plaintiff's incompetent does not appear "so clearly that no construction of the evidence or inference drawn from the facts will warrant a contrary conclusion." Stackus v. N. Y. C. & H. R. R. Co., 79 N. Y. 464, 469; Smith v. N. Y. C. & H. R. R. Co., 177 N. Y. 224, 69 N. E. 427.

Motion to set aside verdict denied.