LOUIS C. MERTZ, Appellant, *v.* THE CONNECTICUT
COMPANY, Respondent.

Negligence — street railroads — when street railway company
liable for damages caused by collision of street car with automo-
bile stalled close to its track — measure of duty of motorman
of street car to avoid collision under such conditions.

1. Negligence must be determined upon the facts as they would
appear to the typically prudent and competent man and not upon
the personal judgment of the man concerned.

2. This action was brought to recover damages for injury to prop-
erty sustained by reason of the alleged negligence of defendant, a
street railroad corporation, in running into and overturning plain-
tiff's automobile, which was stalled upon the track. *Held*, that the
rule of law which should have been applied to the facts is, that if
the motorman saw the automobile in close and dangerous proximity
to the track, manifestly helpless there, and had time to stop the car,
and did not slow down so as to enable him to stop before hitting
the automobile, but took the obvious chance of hitting it in run-
ning by, he was negligent as matter of law, and refusal to so charge
in substance was error.

*Mertz* v. *Connecticut Co.*, 161 App. Div. 941, reversed.

(Argued March 7, 1916; decided March 21, 1916.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered March 9, 1914, affirming a judgment in favor of
defendant entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Frederick W. Sherman* for appellant. The refusal of
the request to charge was prejudicial error and requires a
reversal of the judgment. (*Feldman* v. *N. Y. C. R. R.
Co.*, 142 App. Div. 342; 205 N. Y. 553; *Austin* v. *N. J.
Steamboat Co.*, 43 N. Y. 80; *Crockett* v. *Newton*, 18
How. [U. S.] 581; *Newberger* v. *L. I. R. R. Co.*, 131
App. Div. 888.)

*Eugene F. McKinley* for respondent. There was no error in the judge's charge requiring a reversal of the judgment. (*Nitchman* v. *B. H. R. R. Co.*, 146 App. Div. 558; *Bittner* v. *Crosstown Ry. Co.*, 153 N. Y. 76; *Stabenau* v. *A. A. R. R. Co.*, 155 N. Y. 511; *Wynn* v. *C. P. R. R. Co.*, 133 N. Y. 575; *Austin* v. *N. J. Steamboat Co.*, 43 N. Y. 80; *Woods* v. *N. Y. & Q. C. R. R. Co.*, 128 App. Div. 235; *Hawley* v. *B. H. R. R. Co.*, 127 App. Div. 355.)

Pound, J. This action was brought to recover damages for injury to property sustained by reason of the alleged negligence of defendant, a street railroad corporation, in running into and overturning plaintiff's automobile on the night of July 27, 1907, on Main street, in the village of Portchester. The automobile was a seven-passenger Mercedes. The driver had turned it from the street railroad tracks in the street to drive across the sidewalk into the adjacent yard when the engine stalled, leaving the rear wheels close to the tracks of defendant and the top or cover projecting over them. Plaintiff and his companion got out of the automobile, and one of them had started to crank it when the trolley car of defendant came along and struck the projecting top, overturning the automobile and damaging it. The running board of the car scraped the rear wheels of the automobile.

The theory of the plaintiff was that the motorman had a plain and unobstructed view of the automobile, obviously in dangerous proximity to the track, when he was one hundred and fifty feet away, and that he came on without slackening his speed, although he might easily have stopped his car in time to avoid the collision. The motorman testified for the defendant that he saw the automobile in time to stop, and then shut off his power without applying his brake; that he thought he could clear the automobile; that he did not see the top of the

automobile extending back of the body because the top was down, the light was poor and the automobile was a light gray in color, and thus it was inconspicuous; that he again put on his power, and then, when he saw the top when he was within ten feet of the automobile, he shut off power, put on the brake and tried unsuccessfully to stop his car. The court instructed the jury: "If in the exercise of reasonable care by a proper lookout he [the motorman] was convinced that the automobile was far enough away from the track to go by without hitting it, and if he then ran on * * * you would be bound to say that he conducted himself as an ordinary prudent man."

Negligence must be determined upon the facts as they would appear to the typical prudent and competent man and not upon the personal judgment of the man concerned. (*The Germanic*, 196 U. S. 589, 596.) The question was not whether *this* motorman was convinced that he could pass the automobile in safety, but whether the prudent and competent motorman, acting prudently, would have been so convinced.    It was not a case where the motorman could assume that the automobile would not remain close to the track. (*Dorr* v. *Lehigh Valley R. R. Co.*, 211 N. Y. at p. 374.)

The learned trial justice doubtless did not intend to direct the jury to infer reasonable care from the motorman's conduct as testified to by him, if they believed his evidence, and probably did intend to instruct the jury to measure the motorman's conduct by the standard of reasonable care, but the impression may well have been left in the minds of the jury by the language used that the judgment of the motorman was the proper test of reasonable conduct to be applied by them. Plaintiff's counsel took no exception to the charge, however, and but a single exception survives the verdict and the unanimous affirmance of the judgment below.

At the conclusion of the charge plaintiff's counsel made

the following request and the court made the following ruling:

" I ask your Honor to charge that if the motorman saw the automobile in time to stop the car and took the risk of trying to run by without a collision, without slowing down to enable him to stop before hitting the automobile, he was negligent.

" The Court: I will leave it to the jury to say.

" Exception."

This request does not in itself present very definitely the point sought to be raised on this appeal, viz., that if the motorman saw the automobile in close and dangerous proximity to the track, manifestly helpless there, and had time to stop the car, and did not slow down so as to enable him to stop before hitting the automobile, but took the obvious chance of hitting it in running by, he was negligent as matter of law. Read in connection with the evidence and the charge, however, the request seems proper. Plaintiff took the position that the motorman did not see the automobile in time to stop the car, but he might, for the purposes of the charge, take the defendant's position that the motorman saw the automobile close to the track in time to stop his car. Assuming then, as was quite possible from the evidence, that the motorman was *not* " *convinced* that the automobile was far enough away from the track to go by without hitting it," but that he took a chance, plaintiff was entitled to instructions to the effect that one who voluntarily takes chances, not in the face of a sudden emergency, but with ample time to think and act, is guilty of negligence if he unnecessarily puts himself or another in harm's way. (*Rock* v. *N. Y. C. & H. R. R. R. Co.,* 212 N. Y. 112.) Plaintiff's request meant this and no more than this. The learned trial justice should not have left it to the jury to say that the motorman could take an unnecessary and obvious risk and still be prudent under the peculiar circumstances of this case, and he should have charged in substance as requested, thus

balancing against the possible inference of the motorman's prudence the equally possible inference of recklessness.

The error was highly prejudicial in connection with the instructions previously given, as it allowed the jury to infer that if the motorman was merely convinced, without the exercise of care on his part, that he could run by in safety, the defendant was not negligent.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

WILLARD BARTLETT, Ch. J., CHASE, HOGAN and CARDOZO, JJ., concur; HISCOCK and CUDDEBACK, JJ., dissent.

Judgment reversed, etc.