WILLIAM L. VAN DUSEN, Claimant, *v.* THE STATE OF NEW YORK.

Claim No. 16,157.

(State of New York, Court of Claims, May, 1920.)

Negligence — when error of judgment not contributory — fire wardens — when claim allowed — Laws of 1919, chap. 568.

> Where a person is placed in an emergency an error of judgment is not contributory negligence.
> Pursuant to an enabling statute (Laws of 1919, chap. 568) jurisdiction was conferred upon this court to hear, audit and determine the claim herein for personal injuries alleged to have been sustained by the claimant, a hard-working, capable farmer about fifty years of age, while fighting a forest fire by reason of being surrounded by fire and severely burned and permanently injured while in the employ of the state as a fire warden and in the course of such employment. Upon the hearing of the claim it appeared that claimant's ability to labor has been greatly diminished, his eye-sight has been seriously affected and the back of his hands and his face are disfigured and scarred. *Held,* that considering the age of claimant, his circumstances in life, his earning power before he was injured and the diminution thereof, an award of $4,000 would be fair and the claim in that amount is allowed.

Court of Claims, May, 1920.     [Vol. 112.

CLAIM for damages for personal injuries.

William M. Cameron, for claimant.

E. M. Brown, Deputy Attorney-General, for State of New York.

MORSCHAUSER, J.   The above-named claimant during the month of June, 1913, was in the employ of the state of New York as a fire warden.  On the 9th day of June, 1913, in the town of Luzerne, Warren county, N. Y., a forest fire broke out and claimant assisted in extinguishing the fire.  On the day following the fire claimant drove his horse and wagon in the vicinity of said fire, hitching the horse near an old barn some distance away from the place where the fire had burned on the previous day.  Claimant, upon investigation, discovered that the fire had broken out anew and immediately started for the place where his horse was tied, in order to drive to one of the city reservoirs of the city of Glens Falls, N. Y., where a large number of men were then employed at work on said reservoir, for the purpose of getting help to extinguish the fire.

In his efforts to get to the horse he fell over an obstruction which was in the old wood road, and before he could reach the same, the fire, because of a sudden wind, spread so rapidly as to overtake the claimant, who attempted to escape by running back to the place from where he started.  In his efforts to do so he was severely burned upon his knees, his clothes got afire, his hands were severely burned, his face was severely burned and blistered and his right eye injured.  An assistant who followed saw his danger and ran in and helped him out, and then ran around a somewhat longer distance to untie the horse.  While the horse was being untied the fire had gotten to where the horse was and scorched the lower part of the horse's body. The assistant then drove around to where the claimant

was and then went down to the reservoir to obtain assistance. He was then taken home, a doctor obtained and the claimant remained ill for considerable time.

The legislature thereafter, by chapter 568 of the Laws of 1919, passed an enabling act, which reads as follows:

" Section 1. Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the alleged claim of William L. Van Dusen against the state for personal injuries alleged to have been sustained by him while fighting fire in the vicinity of West mountain, in the town of Luzerne, on the tenth day of June, nineteen hundred and thirteen, by reason of being surrounded by fire and severely burned and permanently injured, while in the employ of the state as a fire warden, and in the course of said employment; and if the court finds that such injuries were so sustained while said claimant was in the employ of the state in the performance of his duties as fire warden and that said claimant at the time was using reasonable care under the circumstances to prevent injury, damages therefor shall constitute a legal and valid claim against the state, and the court may award to and render judgment for the claimant against the state as compensation for such injuries, in such sum as it shall deem just and equitable, provided the claim herein is filed with the court of claims within six months after this act takes effect.

" § 2. This act shall take effect immediately."

The case was tried at Glens Falls on March 19, 1920, and the testimony showed that the claimant has not only been disfigured for life but has been made lame, that the right eye has been injured to a considerable extent and the sight weakened. The testimony also showed that at that time claimant's left eye was substantially useless and had been for a long time, so that the claimant is unable to do much work. Prior to the

time of the injury he was a farmer, operating apparently successfully his farm and doing considerable work in the winter, such as hauling logs, etc. Since then he has been only able to drive a team and do light work, and his earning capacity has been greatly diminished.

The state's defense is that the claimant has been guilty of contributory negligence. The proof does not justify any such inference. The fire was spreading rapidly, the claimant's horse was in danger and it was important to the claimant to have the use of his horse for the purpose of going to a place rapidly to summon help. This the claimant testified was the purpose of going after his horse. There was no apparent danger to him, as there was no fire in the wood road at the time and had he not met with the accident by falling he would probably have reached the horse in safety. A sudden wind caused the fire to reach him and he was placed in an emergency that required him to act quickly. The rule of law is that where a person is placed in an emergency an error of judgment is not contributory negligence. *Roll* v. *Northern Central R. Co.,* 15 Hun, 496; affd., 80 N. Y. 647; *Bucher* v. *New York Central & H. R. R. Co.,* 98 id. 128; *Geibel* v. *Elwell,* 19 App. Div. 285; *Wynn* v. *Central Park, N. & E. River R. R. Co.,* 133 N. Y. 575; *Rush* v. *Bauland Co.,* 82 App. Div. 506; *Fay* v. *Metropolitan St. R. Co.,* 62 id. 51.

The claimant was a man of fifty years of age, evidently a hard-working, capable farmer. His ability to work has been greatly diminished, his eye sight has been seriously affected, the back of his hands and his face are disfigured and scarred. He was in the employ of the state at the time of his injury and in an effort to protect the property of the state and under chapter 568 of the Laws of 1919 if he was not guilty of any contributory negligence he is en-

titled to have an award made as compensation for the injuries received in such sum as this court shall deem just and equitable. The claimant in addition to being made lame and having partly lost his sight has incurred a bill for physician's services in the sum of $200, and for nurse's services in the sum of $252.

We think, in view of all the circumstances, the age of the claimant, his circumstances in life, his earning capacity, and his earning power before the injury and the diminution of the same after the injury, that the sum of $4,000 would be a fair award.

ACKERSON, P. J., concurs.

Claim allowed.