LOUIS KOLANKA, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

First Department, December 18, 1925.

Railroads — action for injuries suffered in grade crossing accident — plaintiff was passenger — driver of motor truck stopped before entering crossing and looked and listened — engine stalled while crossing track — train was first seen 900 feet distant — plaintiff tried to escape from cab of motor truck but could not do so in time to avoid injury — plaintiff not guilty of contributory negligence as matter of law.

The plaintiff was not guilty of contributory negligence, as matter of law, in this action to recover damages for injuries suffered by him while he was riding as a passenger in a motor truck driven by his employer which was struck by one

of defendant's trains at a grade crossing, since it appears that the driver of the truck stopped it before entering on the crossing and that both the driver and the plaintiff looked and listened but saw no train approaching; that the driver of the motor truck started his engine and as he was crossing the track the engine stalled; that then the plaintiff saw the train approximately 900 feet away and, while he endeavored to open the door of the cab of the motor truck he was, because of the excitement and imminent danger, unable to do so in time to escape before the train struck the motor truck; and that there was a sharp conflict in the evidence as to whether a whistle or other signal was sounded at the crossing.

CLARKE, P. J., disssents.

APPEAL by the plaintiff, Louis Kolanka, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1924, dismissing the complaint at the close of the entire case, and also from a judgment entered in said clerk's office on the 13th day of December, 1924, pursuant to said order.

*Levy & Becker* [*Harold R. Medina* of counsel; *Joseph Levy* with him on the brief], for the appellant.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Theodore Kiendl* of counsel; *Russel S. Coutant* with him on the brief], for the respondent.

MERRELL, J. The action was to recover for personal injuries sustained by the plaintiff, Louis Kolanka, by reason of the alleged negligent operation of the defendant's railroad train. The accident occurred at a grade crossing in Wayne township, Passaic county, in the State of New Jersey. The plaintiff was a passenger in a Ford truck driven along the road to Two Bridges at Carlton Park in Wayne township. The truck was one used for the purpose of conveying cattle and dressed meats in connection with the butcher business in which the plaintiff was employed. The car, at the time, was driven by one Kaplan, plaintiff's employer, and was an ordinary Ford truck, with an inclosed cab, in which plaintiff and his employer were riding, and a rack at the rear. The cab had doors on either side. Plaintiff and his employer had delivered at a butcher shop a quarter of beef and were proceeding along the road in question at an ordinary rate of speed when they approached the grade crossing of the defendant's railroad. At this point the defendant's railroad runs generally in a northerly and southerly course. To the south of the grade crossing and several hundred feet distant therefrom the defendant's railroad makes a gradual curve from the east, and as it approaches the crossing from the south runs almost in a direct northerly course. About 800 or 900 feet to the south of the crossing and within the curve was an apple orchard which, to some extent, obscured the view at the crossing of approach-

ing trains until a point about 900 feet from the crossing was reached, when a train approaching from the south could be plainly seen from the crossing. The testimony of the plaintiff is that as his employer who was seated on his left and who was driving the car, approached the crossing and was about fifteen or twenty feet therefrom, he brought the Ford truck to a standstill, and the plaintiff looked both to the north and the south and listened for an approaching train. Hearing none, Kaplan started the truck with a view of crossing the defendant's track. As the truck was upon the rails the engine stalled and the truck came to a standstill. Plaintiff testified that he immediately looked toward the south and saw at a distance of 900 or 1,000 feet away the defendant's passenger train approaching at a rapid rate. Plaintiff testified that he immediately endeavored to open the door and to get out of the cab and off the track. He was much excited and before he was able to leave the cab and to get off the track the locomotive struck the Ford truck, killing his employer and inflicting serious and permanent injuries upon the plaintiff. The testimony on the part of the plaintiff and of the defendant is practically in agreement that the distance from the crossing to the point where an approaching train from the south could be seen was substantially 900 feet.

The engineer testified that as he left the station next south of the place of the accident and as he was rounding the curve in question his train was running at approximately forty miles an hour, and was " picking up " speed all the time, and that he made no effort by the application of the brakes or otherwise to diminish the speed of his train prior to reaching the point of the crossing, where the cab in which the plaintiff was riding was struck. Assuming the speed of the train at from forty to forty-five miles an hour, the time consumed by the passage of the train from the point where the plaintiff first saw it, and when he testified he made an attempt to jump out of the cab, to the crossing was only about twelve or fourteen seconds. It was conceded that the defendant maintained no flagman or other signal at the grade crossing in question.

According to the testimony of the plaintiff and several witnesses testifying in his behalf, no whistle or other signal was sounded and no bell rung as the train approached the crossing.

The engineer in charge of defendant's passenger train which struck plaintiff testified that after leaving Little Falls, the last station to the south of the crossing, and as the train was approaching the crossing, and just as his engine rounded the curve by the apple orchard, he saw the truck in which plaintiff was riding pro-. ceeding along the highway toward the crossing; that when an

automobile and a half length from the crossing it stopped and that when the train was a car length from the crossing the automobile made a sudden jump upon the track, and, although the engineer pulled the brakes and blew the whistle, the locomotive struck the automobile. The engineer also testified that he sounded his whistle two different times as he approached the crossing, first, as he approached the apple orchard and again when he saw the automobile start to go across in front of him. The testimony of the engineer thus flatly contradicted that of the plaintiff and his witnesses, and raised an issue of fact which was for the jury to determine. For the purposes of this appeal we must give credence to the testimony of the plaintiff.

At the close of the evidence the trial court held that the plaintiff was guilty of contributory negligence as matter of law in remaining in the cab after he saw the approaching train, and that such contributory negligence on his part precluded any recovery. Upon motion of the defendant to dismiss the complaint upon the ground that the plaintiff was guilty of contributory negligence as matter of law precluding any recovery in the action, the learned justice presiding at the trial said: " Of course, if I am on a railroad track and see a train coming, and have lots of time to get off the track and do not get off, and I get hurt, that is not much of a case for me. That seems to be the condition of this man. * * * He should have gotten out of the automobile, and if there was any negligence sue the company for the cost of the automobile. They had no business to stay there."

I am of the opinion that the court was in error in holding, as matter of law, that the plaintiff was guilty of contributory negligence. When the car in which the plaintiff was a passenger was stalled upon the crossing and he looked to the south and saw the defendant's train 900 feet away approaching at a very rapid rate of speed, he was certainly confronted with an emergency calling for prompt and effective action on his part to escape being hit. Plaintiff testified that he at once tried to open the door of the cab, but was unable to get out of the cab before the train was upon him. The evidence shows that plaintiff's employer, who was driving the car, exercised the utmost caution on approaching the crossing. He stopped the car fifteen or twenty feet from the crossing so that the plaintiff and he could look and listen for an approaching train. They looked both ways and saw no train approaching. The car was then started, but while crossing the tracks became stalled. Immediately the plaintiff saw the rapidly approaching train and, according to his testimony, at once made an effort to leave the cab and to open its door and escape from his

dangerous situation. In this he was unsuccessful. I do not think it can be said under the circumstances that he failed to do that which an ordinarily prudent man would have done. In any event, I think it was for the jury to say whether or not he was guilty of contributory negligence. The law in this State does not hold one in an emergency to the exercise of that mature judgment required of him under circumstances where he has an opportunity for deliberate action. He is not required to exercise unerring judgment which would be expected of him were he not confronted with an emergency requiring prompt action. It is easy to say after an event that the plaintiff might have escaped injury had he acted more promptly, but the fact remains that but a few seconds intervened between the time when he saw the rapidly approaching train and the time when he was struck. Plaintiff was unfamiliar with the operation of automobiles and had never driven them, and it is not strange that on the cold winter day, when he was shut in the closed cab and immediately in the path of a rapidly approaching railroad train, he became somewhat excited. Under such circumstances he was not called upon to take deliberate action, and I think cannot be said, as matter of law, to have so acted as to prevent his recovery for the negligence of the defendant. It was for the jury to say whether he acted on that occasion as a reasonably prudent man. There was ample evidence from which the jury could have found the defendant guilty of negligence, and it was for the jury to say whether the plaintiff was guilty of contributory negligence on his part.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

FINCH, MARTIN and BURR, JJ., concur; CLARKE, P. J., dissents.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.