CASE 93.—ACTION BY ALEXANDER CRAWFORD'S ADM'R AGAINST THE TRAVELERS' INSURANCE CO. OF HARTFORD, CONN., ON AN ACCIDENT INSURANCE POLICY.—February 26.

## Crawford's Adm'r v. Travelers' Ins. Co. of Hartford, Conn.

124  733
f135  292

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

1. Life Insurance—Authority of Agent—Scope of Employment—An insurance company is liable for the acts of its agent while acting in the apparent scope of his authority, and the knowl-

edge of the agent is imputed to the company respecting any fact material to the risk, and the company is estopped from setting it up in defense unless the party dealing with the agent knew that the agent had limited power, and that he was exceeding the power conferred upon him by his principal.

2. Same—Age Limit—Knowledge of Agent—Ignorance of Purchaser—Question for Jury—Where an agent of a life insurance company sold a ticket to an applicant over sixty-five years of age for an accident policy on his life for twenty-four hours, and the purchaser was killed by accident within the twenty-four hours, the company is liable for the amount of the insurance named thereirn, provided the agent knew the purchaser was over sixty-five years of age, and that the purchaser did not know that the policy contained a clause making it void as to persons under eighteen years and over sixty-five years of age, which should have been submitted to the jury.

JOHN S. KELLY for appellant.

JOHN A. FULTON for appellee.

(No briefs—record out of office.)

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The judgment appealed from was rendered by the Nelson circuit court in an action instituted by the appellant against the appellee to recover $5,000 on an accident insurance policy issued to Dr. Alexander Crawford, appellant's intestate. On the trial, after the introduction of testimony by both parties, the court gave the jury a peremptory instruction to find for defendant, and of this ruling the appellant now complains.

The policy was sold to Dr. Crawford by the agent of appellee on September 23, 1904, which insured him against accidental death for a term of 24 hours. Within that time he was killed by reason of a collision of two trains, on one of which he was riding. In its answer appellee relied solely upon the following clause in the policy, to-wit: "This ticket, and the

insurance thereunder, shall be wholly void as to persons under 18 and over 65 years of age." It is alleged that Dr. Crawford was over the age of 65 years at the time he purchased the ticket or policy, that he failed to disclose that fact, and for this reason appellee was not bound to pay the policy. The appellant, in reply, admitted that Dr. Crawford was over the age of 65 years at the time; but alleged that the agent of appellee who sold him the ticket knew that fact, and that his intestate did not know that the ticket or policy contained such a clause. The appellee, by rejoinder, controverted, the affirmative matter in the reply, and for the first time questioned the authority of the agent of appellee on selling the ticket to waive any provision of it. It is not necessary to consider the effect of this plea in rejoinder; for, as we understand the briefs of counsel, the question of the limited powers of the agent, who sold the ticket, is abandoned. But, if not, the principle is so well settled that such an agent, while acting in the apparent scope of his authority, will bind his principal as firmly as could its general officer while acting in that capacity. His knowledge, therefore, respecting any material fact which affects the risk is imputed to the company, and it is estopped from setting it up in defense unless the party dealing with the agent knew of his limited power, and that he was exceeding the power conferred upon him by his principal. See May on Insurance, sec. 143; Phoenix Insurance Co. of Brooklyn v. Phillips, 16 Ky. Law Rep., 123; German Insurance Co. v. Hart, 16 Ky. Law Rep., 346; Phoenix Insurance Co. v. Spiers & Thomas, 87 Ky., 285, 10 Ky. Law Rep., 254, 8 S. W., 453; London & Lancashire Fire Insurance Co. v. Gerteisen, 51 S. W., 617, 21 Ky. Law Rep., 471; Teutonic Insurance Co. v. Howell, 54 S. W., 852, 21

736 KENTUCKY REPORTS. [Vol. 124.

Crawford's Adm'r v. Travelers' Ins. Co. of. Hartford, Conn.

Ky. Law Rep., 1245. J. Tyler Davis was the agent of appellee in the district which included Nelson county. He left these tickets or policies in the hands of B. J. Hubbard prepared to be delivered to purchasers; Hubbard only having to insert the date and the name of the purchaser of the ticket. The facts of this case are similar to the facts of the London & Lancashire Fire Insurance Co. v. Gerteisen, supra. In that case the court said: "It is also well settled that knowledge of the agent who represents the company in the transaction is the knowledge of the company. It is insisted, however, that Rudd alone was appellant's agent, that Haws had no authority from it, and that it is not chargeable with facts known to Haws, unless communicated to Rudd. This is the decisive question in the case. According to the testimony, Haws was in effect the partner of Rudd in effecting this insurance. The rule that a delegated authority cannot be delegated has some limitations. It is usual for insurance agents who issue policies to send out solicitors to take applications on which the policies may be issued; and authority to do so may be inferred, nothing appearing to the contrary, for this is the common way the business is done. When Haws came to appellee professing to be an insurance agent, and took his application and obtained for him the policy of insurance, he had a right, without notice of a defect in his power, to regard him as the agent of the company for this purpose, and appellant, by accepting the application, issuing the policy and keeping the premium, is estopped to say his act was unwarranted, and must take the benefit with the burden."

In the case at bar Hubbard, the agent who sold Crawford the ticket, stated in effect that he knew at the time he sold the ticket that Crawford was over

the age of 65 years. J. Tyler Davis testified that about a week before the sale of this ticket Dr. Crawford came to him in a certain drug store in the town of Bardstown, and applied to him for the purchase of a ticket of insurance, and he informed him at the time that his company would not insure persons over 65 years of age; but there was no proof introduced showing that Dr. Crawford knew at the time he purchased the ticket sued on that it was a policy or ticket in the company that J Tyler Davis represented. Hubbard testified that, when he sold Crawford the ticket, the train on which he (Crawford) took passage was about due, and that Crawford received the ticket, put it in his pocket, and started to the train. Under these facts, in our opinion, there was sufficient evidence to authorize the court to submit the case to the jury. It was error to give a peremptory instruction. In the case of Travelers' Insurance Co. of Hartford v. Ebert, 47 S. W., 867, 20 Ky. Law Rep., 1009, the court said: "It is evident that the agent was authorized to issue accident policies of some kind, and it nowhere appears that appellee had any notice or information to the effect that his power in that respect was limited; hence we are of opinion that appellant is bound by the representations and contracts in respect to insurance made by an agent authorized to make any contract of insurance. It would be unreasonable to expect the community at large to be cognizant of the authority and restrictions which an insurance company might impose upon an agent, and we deem it no more than reasonable and just that appellant should be bound by the contract and representations of its agent in respect of the kind of insurance sold to the appellee, and for which the agent received pay." In the case of Standard Life & Accident Insurance Company v. Holloway (Ky.), 72 S. W. 796, 25

vol. 124—47.

Ky. Law Rep. 1856, the insured was crippled, and the policy contained the provision avoiding it as to cripples, just as in the case at bar the provision makes it void as to persons over 65 years of age. The court held that it was proper to submit to the jury for its determination, under the evidence, whether the agent who issued the policy had knowledge of the insured's crippled condition. The court in that opinion said: "So, in view of the authorities referred to, we are constrained to hold that if Rogers, appellant's agent, at the time he delivered to appellee the policy sued on, knew that he was maimed or crippled, the provision in the policy intended to exclude cripples was waived in this case; and we think appellant is estopped to deny the waiver. It was for the jury to determine from the evidence presented whether the agent had such knowledge or not, and, though he denied having any knowledge thereof, appellee testified that he walked in before him with his usual limp, and that upon reaching the ticket office window he laid his cane upon the base or shelf thereof in plain view of the agent. From these facts the jury doubtless found that the agent saw, and had opportunity to know of, appellee's crippled condition; and, upon the other hand, that the latter did not know, and had no means of learning, of the provision of the policy intending to exclude persons of his class from its benefits, as he took the passenger train immediately after receiving it for the purpose of going to Louisville."

We are of opinion under these authorities that it was proper for the court to submit to the jury the question of the agent's knowledge as to the age of the insured; and, if at the time the policy was issued he knew that the insured was over the age of 65 years, that then the company was bound, unless the jury

believe from the evidence that Dr. Crawford at the time knew that the agent was exceeding his authority.

For these reasons, the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent with this opinion.