## In re LINDSLEY.

District Court, W. D. Pennsylvania. April 11, 1929.

No. 14014.

Martin & Martin, of New Castle, Pa., for Sakraida and Federal Title & Trust Co. of Beaver Falls, Pa.

Baldwin & Baldwin, of Beaver, Pa., for trustee.

McVICAR, District Judge. The bankrupt, prior to his adjudication, was indebted to Helen M. Sakraida and to the Federal Title & Trust Company. The indebtedness of each of these creditors was secured by a mortgage upon property which the bankrupt and his wife held as tenants by the entireties. These creditors proved their claims as unsecured. The referee disallowed the same on the ground that they were secured and were not proved for the amount owing over and above the value of the securities held. The correctness of the two orders made has been certified to us for our decision. The question before this court is—Are these creditors secured creditors within the meaning of the Bankruptcy Act (11 USCA)? The pertinent provisions of that Act provide:

"Section 1(23). 'Secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this act, or who owns such a debt for which some indorser, surety, or other persons secondarily liable for the bankrupt has such security upon the bankrupt's assets."

"Section 57(e). Claims of secured creditors * * * shall be allowed for such sums only as to the Courts seem to be owing over and above the value of their securities or priorities."

"Section 57(h). The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance." 11 USCA § 1(23); § 93(e) and (h).

Section 2(10) confers upon courts of bankruptcy the power to "consider and confirm, modify or overrule, or return, with instructions for further proceedings, records and findings certified to them by referees." 11 USCA § 11(10).

The creditors in question are secured creditors—they have security for their debt upon the property of the bankrupt of a nature to be assignable under said act. The security is a mortgage. The property is the property mortgaged of which the bankrupt has an estate in entireties together with his wife. That the wife joined in the mortgage does not change the fact that these creditors have securities upon the bankrupt's property.

The orders of the referee disallowing the claims of Helen M. Sakraida and the Federal Title & Trust Company are confirmed.