## Barrick Kentucky Oil & Gas Company v. Scrivner.

(Decided June 11, 1929.)

(As Modified, on Denial of Rehearing, April 22, 1930.)

HAFFORD E. HAY for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee worked for the appellant drilling wells on certain leases in Estill county for some years prior to 1925. His account had accumulated until, on April 2, 1925, he claimed that appellant was indebted to him in the sum of $4,365. On that date a contract was entered into by appellee on one side and by George W. Crozier, Jr., on the other. Crozier, it appears, claimed to be representing the appellant, and signed its name to the contract. The contract purports to be a settlement between appellant and appellee, and, by the terms of the settlement, appellee was paid $1,000 in cash and it was agreed

that in addition to this sum he should receive $2,000 in bonds, which bonds were to be a part of an issue of $25,-000. Appellant agreed to issue not exceeding $25,000 in bonds, the payment of which was to be secured by a mortgage lien on all the properties of appellant in certain counties. The contract recited that the issuance of the bonds was a material part of the contract and must be strictly complied with, and, in the event appellant did not comply with that provision of the contract, the $1,-000 which was then paid to appellee should be a credit on his account. Appellant did not issue the bonds, and neither did it pay appellee his account.

The appellee instituted suit on the contract alleging that there was a balance due him of $2,000. Appellant answered denying that it entered into the contract, and further denying that it was indebted to appellee in any sum by reason of the terms of the contract. An amended petition was filed stating the facts more in detail, but still alleging that the cause of action was based on the contract. A trial was had, and, at the conclusion of the evidence, the trial court instructed the jury to return a verdict for the appellee for the sum of $2,000, with interest.

Appellant was in the hands of a receiver at the time the contract of settlement was made, and it is urged that the corporation had no authority to enter into a contract without the consent of the receiver, and it is further urged that the vice president and general manager of the corporation had no authority to make the contract, as he was not authorized to do so by the corporation, and that his acts were never ratified. It is not necessary to go into these questions further than to say that the evidence showed that the general manager and vice president who signed the name of the corporation to the contract as such had been in charge of the business of the corporation in Kentucky, and that, under his authority as general manager, it is probable that he had authority to make the contract, and while the $1,000 which was paid to appellee at this time had been contributed by stockholders of the corporation, we are of the opinion that the whole arrangement was an effort on the part of the corporation to so adjust its affairs as to have the receiver discharged.

The suit to recover was instituted on the contract and not on the account. The contract provided for its

own termination. If the bonds should not be issued, then the contract was at an end, but the corporation was entitled to credit on the account by the sum of $1,000 which was paid. It may be that appellee could have waived his right to terminate the contract, and that he could have taken steps to compel its enforcement, but that is not a question before us. When the contract was made the account of appellee amounted to $4,365. If the account amounted to that sum the payment left a balance of $3,365 due on the account. Appellee could not sue on the contract because there was no obligation on the part of appellant to pay the $2,000 which it had promised to pay other than in bonds. If it was not paid in bonds, it was the evident purpose of the parties to the contract that the account should be remanded to its original status, except that there should be a credit of $1,-000.

It is suggested in brief for appellant that the reason the action was not instituted on the account was because it may have been barred by the statutes of limitation. We do not think the contention has any merit, if true, but we hardly see how the statutes of limitation could be made to apply when the amount of $1,000 was paid as a credit effective sixty days after the signing of the contract. It might be contended that the $1,000 was not paid by the corporation, but the contract itself shows that it was, and for that reason the account should have been treated as valid, if it was originally valid, with a credit of $1,000 paid by the corporation, and that credit should bear date sixty days after the contract was signed. Because the suit was instituted on the contract and not on the account, and because appellant defended on the ground that it was not owing anything under the terms of the contract, the court should have sustained the motion for a peremptory instruction to find for appellant. This, however, is without prejudice to the right of appellee to recover on his account, if the same is established by the proof.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.