## Barrick-Kentucky Oil & Gas Company v. Scrivner.

(Decided May 15, 1931.)

H. E. HAY for appellant.

SHUMATE & SHUMATE and HUGH RIDDELL for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Reversing in part and affirming in part.

This is the second appeal of this case. The first one is found in 233 Ky. 523, 26 S. W. (2d) 48. The first judgment in this case was reversed for reasons stated in that opinion. Upon a return to the circuit court, the appellee filed an amended petition, in which he averred the appellant was indebted to him for labor performed and money and material furnished in the sum of $3,365. By a second amended petition, he alleged that no bonds were delivered to him as set out in the original petition, and that there was a balance due upon his account of $2,000.

To the petition as amended, the defendant interposed a general demurrer, which was overruled. Thereupon it filed a motion to stay proceedings, and set out in this motion that the Barrick-Kentucky Oil & Gas Company was in bankruptcy, and made as a part of its motion certified copies of the order of adjudication. There had been issued and levied upon appellant's property a general order of attachment. To release this attachment, a bond had been executed under section 221, Civil Code of Practice. This bond is not in the record, but it is admitted to be, and is called, a bond to perform the judg-

ment by the court. There was a motion made to discharge this bond.

The court overruled the motion, whereupon the defendant filed its answer averring therein that it was on the 15th day of October, 1928, duly adjudged bankrupt at Wilmington, Del.; that John M. Scrivner was duly listed among its creditors; that he was given due notice under the bankrupt law of the United States; that he refused to file his claim with the referee of said court. At the same time by an amended answer it relied upon the five-year statutes of limitation, and denied it was indebted to the plaintiff in any sum or that this work was done at its request. It stated that, during the period the work is alleged to have been done, the Barrick-Kentucky Oil & Gas Company was in the hands of a receiver, and that no person other than that receiver had a right to make a contract or incur indebtedness, for that company.

A trial was had before a jury on the 14th day of October, 1930. At the conclusion of the evidence, a peremptory instruction was given, and judgment was rendered in favor of the plaintiff in the sum of $2,000. On the 21st day of October, the defendant filed motion and ground for a new trial, which was overruled, and from that order and judgment this appeal is prosecuted. It is assigned as error: (1) That the court erred in permitting the amended petition to be filed; (2) in overruling the defendant's motion to stay proceedings; and (3) in the court's refusing to discharge the bond and attachment; (4) overruling the motion to file itemized account. It is necessary in discussing the first ground relied on to state some of the facts of the former appeal and the continuation of the same as appears in this record.

On April 2, 1925, the appellee, John M. Scrivner, had an account against the Barrick-Kentucky Oil & Gas Company in the sum of $4,365, and on that date a compromise was agreed to between the appellee and one George W. Crozier, Jr., who was vice president and general manager of appellant's corporation. In that compromised settlement, $1,000 was paid in cash; $2,000 was to be paid in bonds within six months out of a $25,-000 bond issue of the corporation. The contract provided that, in the event bonds were not issued, the $1,000 should be credited on the account. This agreement was one of a series of acts looking to the rehabilitation of the corporation, and lifting its affairs from the hands of

a receivership. The bonds were not issued as anticipated in the contract, and the contract failed by its own terms; the court saying in the opinion of the former appeal:

"This however, is without prejudice to the right of the appellee to recover on this account if the same is established by proof."

The first ground relied upon for a reversal of this judgment is that the amended petition set up a new cause of action; therefore should not have been allowed. We are of the opinion the appellee had a right to amend his petition and set up the account. Our authority for this is the opinion in the former appeal. He had the right, and it was proper, to litigate all questions between himself and the appellant in this one action. That was the plain import of the opinion in the former appeal. We, therefore hold upon this question that the court properly overruled appellant's objections. In view of the above conclusions, we waive all questions as to the allegations of the amended petition and intimate no opinion thereon.

It is next insisted that the court erred in refusing to sustain its motion to stay proceedings in view of the adjudication in bankruptcy. It will be remembered that an order of attachment was levied upon the property of the appellant, under the original petition; that to release this attachment a bond with surety was given under section 221 of the Civil Code of Practice, conditioned that the appellant would perform the judgment of the court. Upon the execution of this bond, the attachment was released.

It is argued that the court had no further jurisdiction in the matter, after the appellant's company had been adjudged bankrupt, other than to enter an order staying proceedings. It is argued by the appellee, on the other hand, that inasmuch as the levy of the attachment created a lien for a period greater than four months prior to the adjudication of bankruptcy, the state court had exclusive jurisdiction to enforce that lien. An examination of the authorities discloses that both positions are erroneous. Upon the execution of the bond under section 221 of the Code, all liens by virtue of the attachment were released. The appellee had no lien upon the property of the appellant after the execution of that bond, and, as the lien of the attachment was dis-

charged, none of the bankrupt's property was withheld from the trustee.

In the case of Brown v. Four-in-One-Coal Co. (C. C. A.) 286 F. 512, 514, an almost identical action with the one at bar was decided; it being a Kentucky case, and a bond executed under our Code was involved. The court in that case said:

"It does, however, fully appear from this record that the property attached was discharged from the attachment and released to the bankrupt so that at the time the petition in involuntary bankruptcy was filed Brown had no lien upon any of the bankrupt's property that would pass to the trustee in bankruptcy for the benefit of general creditors. The provision therefore of the Bankruptcy Act [11 USCA] in relationship to attachments levied within four months prior to the filing of a petition in bankruptcy have no application whatever to this case."

In the same opinion the court, speaking in regard to the attachment bond given and the jurisdiction of the state court relative to it, said:

"The bonds given in the attachment suit in the state court became no part or parcel of the bankrupt's estate, but they did advantage that estate by releasing the attached property from the lien of the attachment and afforded to Brown surety for the payment of his debt when reduced to judgment in that action. By reason of the fact that these bonds were no part of the bankrupt's estate, neither the other creditors nor the trustee in bankruptcy for the benefit of creditors could be subrogated to the rights of Brown . . . and neither the bankrupt nor the trustee in bankruptcy should be heard to dispute Brown's right to fix, by a judgment in the state court, the liability of the sureties on these bonds for neither is interested therein nor prejudiced thereby."

As appears from this record, and in view of the above authority, the court properly refused to sustain the appellant's motion to stay proceedings and that the appellee had a right to prosecute his action to judgment in the state court to ascertain the liability upon the bond. While he had a right to prosecute this claim to a final judgment, no execution on it should be issued against the bankrupt nor the trustee in bankruptcy for the reason

stated in the case of Brown v. Four-In-One Co., supra, the court saying upon that subject:

"It is sufficient to say that he has substantial rights against the sureties not affected by the bankruptcy proceedings, that he should be permitted to litigate to final judgment in the attachment suit in the state court, but, of course, can have no execution issued against the bankrupt upon any judgment he may recover therein."

The third question raised we expressly waive and intimate no opinion, for the reason that the bond and the surety on the bond are not before the court.

The appellant argues that his motion to file an itemized statement should have been sustained. We find an order sustaining it as follows:

"Defendant then moved for the plaintiff to file itemized statement of his account and the Court advised sustain said motion to which ruling of the Court the plaintiff excepts."

Whatever may have happened to the itemized account, what appears to be such is in the proof. The appellee introduced and testified to it. He was cross-examined by the attorneys for the appellant.

We therefore conclude the judgment is correct in so far as it awards a judgment to the appellee, but, in so far as it directs an execution to be levied upon the assets of the defendant's corporation in the hands of the trustee in bankruptcy, it is erroneous.

Wherefore the judgment is reversed in so far as same directs an execution against Barrick-Kentucky Oil & Gas Company of J. Rankin Davis, trustee in bankruptcy for Barrick-Kentucky Oil & Gas Company, and in all other respects affirmed.