In re FAY STOCKING CO.

No. 32868.

District Court, N. D. Ohio, E. D.

May 4, 1935.

Henry B. Johnson and Charles E. Nadler, both of Cleveland, Ohio, for Hugh Wells, trustee.

JONES, District Judge.

The trustee of the above bankruptcy challenges an order of the referee overruling the objections of the trustee to the allowance of the claim of Helen Piggott in the sum of $18,500. The amount of the claim sought to be disallowed in part represents a judgment in favor of Piggott against the bankrupt in a personal injury action. The bankrupt was insured for $5,000, and by the laws of the state of Ohio Piggott is entitled to receive the avails of the policy of insurance to be applied to the satisfaction of her judgment. The matter was submitted on an agreed statement of facts. The question certified for review is whether the judgment creditor has the right to prove the face amount of her judgment; and, also, to receive the insurance money.

The right of the judgment creditor to file her claim in bankruptcy is fixed at the time proof is required. That she has a statutory right to receive or sue for money which the insurance company is required to pay does not preclude the proving of the full amount of her judgment as a claim against the bankrupt estate. By the law of Ohio, her potential right to the insurance money became a vested one upon final judgment against the bankrupt.

It was not contemplated by the policy of insurance that the insured should pay the amount of the policy and be reimbursed by the insurance company. Under the provisions of the policy, the insurance company agreed to pay and satisfy judgments rendered against the assured, and to protect the assured against the levy of executions, subject to the limits of the policy. The bankrupt had no property right in the avails of the ripened policy.

I think that Piggott was not a secured creditor in the bankruptcy sense. The Ohio statute (section 9510-4, General Code of Ohio) provides that the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment. It does not provide an additional right of recovery against the judgment debtor. It is a supplemental remedy open to the judgment creditor contingent on the final judgment. Neither by the terms of the policy nor the provisions of

Charles N. Krieg, of Cleveland, Ohio, for Helen Piggott.

the statute is the insurance money available to the assured (bankrupt). The right to the insurance money constitutes a potential statutory security for the benefit of persons injured through the fault of the insured, and becomes vested in the injured person for the satisfaction of a final judgment. Since the better reasoning supports the view that the judgment creditor does not have a secured claim against the property of the bankrupt, it follows, under the facts in this case, that the judgment creditor is entitled to prove the face of her judgment. Compare Ivanhoe Building & Loan Association v. Thomas A. Orr, Trustee, 55 S. Ct. 685, 79 L. Ed. ——, decided April 29, 1935, and In re United Cigar Stores Co. (C. C. A.) 73 F.(2d) 296.

Order of the referee will be confirmed, and the trustee's petition to review dismissed.