# Great American Indemnity Co. v. Mize.

(Decided June 19, 1936.)

DAVIS, BOEHL, VISER & MARCUS and ROY HELM for appellant.

J. T. BOWLING for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant, Great American Indemnity Company, issued to R. F. Haskins, Jr., a policy of automobile liability insurance by which it bound itself "to pay all sums which the assured shall become liable to pay as damages imposed by law for bodily injuries, including death at any time resulting therefrom, to any person." During the term of the insurance, the automobile covered by it was involved in an accident in which Frances Mize was injured. It was being driven by Haskins, who was then about four months less than 16 years of age, and no one over 21 years of age was in the car. Miss Mize recovered a judgment for $4,000 against young Haskins on account of her injuries. An execution issued on the judgment was returned nulla bona.

Later a suit in equity under the provisions of section 439 of the Civil Code of Practice was instituted by Miss Mize to discover any property the defendant had, and to subject it to the satisfaction of the judgment. It was particularly sought to discover whether there was any indemnity insurance on the automobile involved in the accident. Apparently in that proceeding the existence of the policy issued by the appellant was disclosed, for it was made a party to the suit and judgment against it was sought. After its demurrer was overruled, it pleaded that at the time of the accident the automobile was being driven by Haskins, then 15 years of age, in violation of section 2739g-34 of the Kentucky Statutes, and that it was not covered by the contract of insurance. That statute is as follows:

"No person under 16 years of age shall operate any automobile upon a public highway unless accompanied by the owner or some person over 21 years of age authorized by the owner, and such owner or other older person shall govern the operator and the movements of the automobile and the operator shall be governed by such owner or other older person, provided that no person less than 14 years of age shall operate an automobile on a public highway at any time or under any conditions."

The policy provided:

"This policy does not cover * * * while any automobile disclosed herein is being driven * * * by any person under the age fixed by law or under the age of 16 years in any event. * * *"

The plaintiff pleaded estoppel on the part of the company to rely upon those provisions of its contract. She proved without contradiction that at the time the policy was issued the appellant's agent issuing it was advised that Haskins, the owner of the automobile, was but 15 years of age, and the agent replied that that was all right as his company had paid "back to the age of fourteen," and had related such a case there in Hazard, where the transaction occurred.

The appellant insists that this suit cannot be maintained against it under the terms of section 439 of the Code, because it was not indebted to Haskins. Its contract provides:

"Bankruptcy or insolvency of the Assured shall not relieve the Company of any of its obligations hereunder. If any person or his legal representatives shall obtain final judgment against the Assured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the Company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this Policy applicable thereto."

The terms of its contract authorized a suit by one for whose benefit it was made, namely, one who has recovered an unsatisfied judgment against the person insured. Metropolitan Casualty Insurance Co. of New York v. Albritton, 214 Ky. 16, 282 S. W. 187. The fact that the suit grew out of or was a continuance of a proceeding of discovery, instead of being an independent suit brought against the insurance company alone on its contract, can make no difference.

The authority of the agent writing the insurance to waive the condition of the policy stipulating a limitation of liability cannot be questioned. Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079. He made the contract with one whom he knew to be under 16 years of age. Crawford's Adm'r v. Travelers' Ins. Co. of Hartford, Conn., 124 Ky. 733, 99 S. W. 963, 30 Ky. Law Rep. 943, 124 Am. St. Rep. 425; Travelers' Ins. Co. of Hartford, Conn. v. Crawford's Adm'r, 106 S. W. 290, 32 Ky. Law Rep. 517; Citizens' Insurance Co. of New Jersey v. Railey, 256 Ky. 838, 77 S. W. (2d) 420. It is argued that there was not on that account any waiver of the provisions respecting the driver of the car; that the owner would have been indemnified if his automobile at the time was being driven by one 16 years of age, or coming within the permission of the statute, but since he was driving it himself and was not within that class, the restrictive terms of the contract are enforceable.

Literally construed, section 2739g-34 of the Statutes does not prohibit the owner of an automobile under 16 years of age driving it. In any event, while the evidence does not go so far as to show expressly that the

agent actually knew the owner of this automobile would drive it, the disclosure of the owner's age, with the response which the agent made when he issued the policy, leads us, in the light of common experiences, to the conclusion that he realized that the boy would drive his own car and waived that provision in the policy.

The judgment is affirmed.