95 F.2d 961 (1938)
In re FAY STOCKING CO.
WELLS
v.
PIGGOTT.
No. 7430.
Circuit Court of Appeals, Sixth Circuit.
April 7, 1938.
Charles E. Nadler, of Cleveland, Ohio, for appellant.
M. C. Harrison, of Cleveland, Ohio (Harrison & Marshman and Charles N. Krieg, all of Cleveland, Ohio, on the brief), for appellee.
Before HICKS, SIMONS, and ALLEN, Circuit Judges.
*962 ALLEN, Circuit Judge.
This appeal arises out of the allowance of a claim by the referee in bankruptcy. The District Court confirmed the referee's order and dismissed the trustee's petition to review.
Previous to adjudication appellee secured a judgment against the bankrupt for $18,500, for personal injuries resulting from an automobile accident, and filed claim for the full amount. The bankrupt carried liability insurance in the amount of $5,000, and the trustee in bankruptcy therefore objected to the claim and prayed for an order allowing it only in the amount of $13,500. The referee in bankruptcy allowed the claim for the full amount of the judgment. During the pendency of these proceedings the insurance company paid appellee $5,000, and this amount was applied on the judgment debt. The confirmation by the District Court of the referee's allowance of the full claim presents the single question in the case, namely, whether a creditor who has a judgment against a bankrupt for personal injuries has the right to prove in bankruptcy the total amount of the judgment debt, notwithstanding part of it is covered by insurance.
Under section 57(e) of the Bankruptcy Act, Title 11, § 93(e), U.S.C.A., "Claims of secured creditors and those who have priority * * * shall be allowed for such sums only as to the court seem to be owing over and above the value of their securities or priorities." Hence if appellee was a secured creditor she was bound to have her security valued and she was entitled to prove only the difference between that value and the amount of her claim.
The determination of the controlling question, therefore, depends upon whether appellee was a secured creditor within the terms of section 1(23) of the Bankruptcy Act, Title 11, § 1(23), U.S.C.A., which provides:
"`Secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this title, or who owns such a debt for which some indorser, surety, or other persons secondarily liable for the bankrupt has such security upon the bankrupt's assets."
The ownership of a judgment against a bankrupt makes the creditor secured within the meaning of this section, where there is property of the bankrupt upon which the judgment has attached as a lien. Oilfields Syndicate v. American Improvement Co., 9 Cir., 260 F. 905; In re Cale, 182 F. 439, D.C. But unless appellee was a creditor who had security for her debt upon the property of the bankrupt, she was not bound to have her security nor the avails thereof valued and to prove only for the difference between that value and the face amount of the debt. Ivanhoe Bldg. & Loan Ass'n v. Orr, Trustee, 295 U.S. 243, 245, 55 S.Ct. 685, 686, 79 L.Ed. 1419; Hampel v. Minkwitz, County Treas., 5 Cir., 18 F.2d 3.
Appellant contends that the bankrupt has a proprietary interest, consisting of a chose in action, in the insurance policy; that the interest is of a nature to be assignable and is property of the bankrupt which the appellee holds as security for her claim, and that the District Court therefore erred in allowing appellee to prove her full claim. He deduces this conclusion from the fact that the policy is one of insurance against liability, not one of indemnity against damage sustained by payment of a liability. (Cf. Schambs v. Fidelity & Casualty Co. of New York, 6 Cir., 259 F. 55, 6 A.L.R. 1231), entitling the insured to sue upon the policy as soon as judgment is taken, and prior to actual loss arising from payment. Ohio Casualty Ins. Co. v. Beckwith, 5 Cir., 74 F.2d 75. He contends that the insurer is subject to garnishment proceedings brought by a judgment creditor who has recovered on a claim which is covered by the policy (Employers' Liability Assur. Corp. v. Bodron, 5 Cir., 65 F.2d 539, 540), and that therefore the assured's interest in the policy constitutes property of the bankrupt. Under section 70(a) of the Bankruptcy Act, Title 11, § 110(a), U.S.C.A., the trustee succeeds to the rights of action of the bankrupt arising upon contracts, and hence appellant urges that appellee was secured by property of the bankrupt of a nature to be assignable.
We question whether the bankrupt's right to enforce this policy constituted property of the bankrupt within the meaning of the Bankruptcy Act. Even under the rule announced in Employers' Liability Assur. Corp. v. Bodron, supra, only such creditors as those whose claims against the assured arise out of personal injury covered by the policy in suit may assert a successful claim to the insurance fund, and the assured or its trustee, if either of them collects from the insurer, rests under a legal obligation to hold the funds collected in trust for the injured *963 party. But the conclusive answer to appellant's contention lies in the fact that appellee, after judgment, was protected by her own property right in the policy, and not by that of the bankrupt. Both the contract of insurance and the Ohio statute gave her a right of action against the insurer. The policy obligated the insurer to "pay and satisfy judgments rendered against the Assured" arising out of the operation of an automobile belonging to the assured. It further provided:
"The insolvency or the bankruptcy of the Assured hereunder shall not release the Corporation from the payment of damages for injuries sustained or loss occasioned during the life of this Policy, and in case execution against the Assured is returned unsatisfied in an action brought by the Injured or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person or his or her personal representative against the Corporation under the terms of this Policy, for the amount of the judgment in the said action not exceeding the limits of this Policy."
Under this policy appellee was a beneficiary and a real party in interest. Slavens v. Standard Accident Ins. Co. of Detroit, 9 Cir., 27 F.2d 859, 861; Ohio Casualty Ins. Co. v. Beckwith, supra.
The applicable statute, section 9510-4, General Code of Ohio, provides:
"Upon the recovery of a final judgment against any firm, person or corporation by any person * * * for loss or damage on account of bodily injury or death. * * If the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law."
Under this statute a person injured by the assured in such manner as to entitle the assured to indemnity under the insurance contract has a beneficial interest in the policy. Hartford Accident & Indemnity Co. v. Randall, 125 Ohio St. 581, 183 N.E. 433.
Appellee, then, not being secured by any property of the bankrupt, was entitled to prove for her full claim, regardless of having received part payment under the policy, though recovery is of course limited by the amount of the judgment. Ivanhoe Bldg. & Loan Ass'n v. Orr, Trustee, supra.
The order is affirmed.