**In the Matter of Paul Cromwell LEWIS, Bankrupt.**

**No. 4099.**

United States District Court
W. D. Virginia,
Roanoke Division.

Oct. 30, 1964.

H. Clyde Pearson, Hopkins, Pearson & Engleby, Roanoke, Va., for trustee.

English Showalter and William G. Anderson, Roanoke, Va., for Colonial-American Nat. Bank.

MICHIE, District Judge.

This matter arises upon a Petition for Review from a decision of J. T. Engleby, Jr., Referee in Bankruptcy.

The bankrupt and his wife owned a house and lot in Roanoke, Virginia, as tenants by the entireties. The property was subject to three deeds of trust, the obligations secured by the first of which were held by Colonial-American National Bank as Trustee. The obligations secured by the other two, aggregating $17,653.19, were held by the bank in its own right.

Subsequent to the filing of the petition in bankruptcy the bank negotiated a private sale of the property with the consent of the bankrupt and his wife. The proceeds were applied to the payment of the liens above mentioned but were insufficient to pay them in full, leaving an unpaid balance of $3,867.01 due on the obligations owned by the bank.

490

The bank, however, filed its claim in bankruptcy for the full amount originally owed it, $17,653.19, claiming that it had a right to receive dividends on that full amount until the balance of $3,867.01 then actuallly owed to it was paid.

■ There is a minor issue involving only three hundred dollars ($300.00) in that the real estate commission paid on the private sale of the property was 6% while, if the property had been sold under one of the deeds of trust, the resulting commission would have been only 5%. Whether the property should be sold under the deed of trust or at private sale was a matter lying within the discretion of the parties and it is entirely possible that a sale at public auction would have resulted in a lower price than that actually received by the private sale which might have resulted in a greater loss than was involved in paying the extra 1% commission. This court is certainly in no position to substitute its judgment for that of the parties as to the best method of selling the property.

The real question involved here is, however, whether one who holds security for an indebtedness of a bankrupt can, after realizing on his security, prove the full amount of his claim, undiminished by the amount realized from the security, in order to collect from the bankrupt estate a balance not realized from the security.

As succinctly stated by the Referee in his opinion in this matter:

"It is conceded that a creditor who holds security *belonging to the bankrupt* is entitled to an allowance of his claim only for the balance that may remain of the claimant's demand after applying or deducting the security. 9 AM Jr.2d 372. I think it is equally established that this provision does not apply to security on property *not owned by the bankrupt*. 9 Am.Jr.2d 371."

The real question here, then, is whether or not the property which the debtor and his wife held as tenants by the entireties can be said to be property belonging to the husband, in whole or in part.

Only one case has been found which appears to be squarely in point, In re Lindsley, 33 F.2d 223, a case decided by the District Court for the Western District of Pennsylvania on April 11, 1929. In this case two creditors were secured by a mortgage upon property which the bankrupt and his wife held as tenants by the entireties. The creditors proved their claims as unsecured but the Referee disallowed the claims on the ground that they were secured. In a brief and not very satisfactory opinion the court refers to pertinent sections of the Bankruptcy Act and concludes:

"The creditors in question are secured creditors—they have security for their debt upon the property of the bankrupt of a nature to be assignable under said act. The security is a mortgage. The property is the property mortgaged of which the bankrupt has an estate in entireties together with his wife. That the wife joined in the mortgage does not change the fact that these creditors have securities upon the bankrupt's property."

In Fay Stocking Company, 6 Cir., 95 F.2d 961, a judgment for $18,500 for personal injuries was secured against the defendant who was a bankrupt. The bankrupt held a $5,000 liability policy and this was paid to the plaintiff and reduced the claim to $13,500. The plaintiff proved in bankruptcy not for $13,500 but for the original $18,500 judgment and this was upheld. The result seems to turn on the fact, however, that the plaintiff was not a secured creditor. There was a liability policy which was personal to the bankrupt but that did not constitute security. The court said:

"Appellee, then, not being secured by any property of the bankrupt, was entitled to prove for her full claim, regardless of having received part payment under the policy, though recovery is of course limited by the amount of the judgment."

However, in the case at bar the plaintiff was in part secured not by an insurance policy but by property to which the bankrupt held at least some sort of title as a tenant by the entireties—and the question is whether that can be said to be "property" of the bankrupt.

And the Fay Stocking case is further weakened as authority in this case by what seem to be contrary holdings in Butzel v. Webster Apartments, 6 Cir., 112 F.2d 362, and Price v. Spokane Silver & Lead Co., 8 Cir., 97 F.2d 237, both of which hold that a judgment creditor is a secured creditor.

I have found one other case which might be interpreted as being contrary to the conclusion in the Lindsley case but I believe that it, too, is distinguishable. In re H. L. Gentry Construction Co., D.C., 200 F.Supp. 546, a construction contract was involved under which amounts otherwise payable to the contractor were held in a "retainage fund" to secure payments to subcontractors. The question was whether, when the principal contractor went into bankruptcy, the Referee could take over this fund. The Referee concluded that he could not but held that the creditors were entitled to receive from the plan of arrangement only the percentage payable under the plan to a general creditor less the amount received by them respectively from the retainage fund. But the court held that, since the retainage fund had not become the property of the debtor the creditors having claims against the retainage fund were entitled to participate in the general fund for the full amount of their claims without deduction for amounts they might expect to receive from the retainage fund.

However, this case is clearly distinguishable from the present case in that title to the retainage fund had never passed to the debtor, while here we are concerned with the rights of the parties against property which was owned by the debtor and his wife as tenants by the entireties.

I conclude, therefore, that Lindsley is the only case to which I have been cited or which I have been able to find which is squarely in point and I approve of its reasoning. Consequently, the decision of the Referee must be affirmed.