**Edward B. PADGETT, Appellant,**

**v.**

**Earl W. LONG et al., Appellees.**

Court of Appeals of Kentucky.

April 24, 1970.

Thomas B. Givhan, Shepherdsville, Edward F. Rectenwald, Louisville, for appellant.

J. T. Hatcher, Hatcher & Lewis, Hobson L. James, Elizabethtown, for appellees.

STEINFELD, Judge.

This is an appeal from an order dismissing the complaint of the appellant, Edward B. Padgett, as to appellees, Earl and Wanda Long, on the ground that appellant's claim had been discharged in the bankruptcy proceedings of the Longs.

On February 23, 1962, Padgett was seriously injured when he fell while engaged in the construction of a barn for the

Longs. He sued them and the Boyd Logs and Lumber Company claiming that the Longs had failed to furnish a safe place to work, and that the lumber company had supplied defective material for the construction of the barn. Only a partial record is before us which does not indicate why the action was dismissed as to the lumber company but that is not questioned on this appeal.

The Longs answered the complaint and then filed a voluntary petition in bankruptcy listing the unliquidated claim of Padgett as a liability. Padgett did not file a claim in the bankruptcy proceedings. After receiving their discharge the Longs moved the trial court for dismissal on the ground that the bankruptcy discharge was a complete defense to Padgett's claim.

The complaint was dismissed but Padgett made a timely motion to set aside the order dismissing and for leave to file an amended complaint reducing his claim to $15,000 and making the Ohio Casualty Insurance Company a party defendant. Padgett tendered a copy of an insurance policy issued by that company which showed that it had agreed to pay on behalf of Longs all sums which they should become legally obligated to pay as damages because of bodily injury up to a limit of $15,000.

Provisions of the policy relevant to the issues before us are: "* * * the company shall: (a) defend any suit against the insured alleging such injury, * * * even if such suit is groundless, false or fraudulent; (b) pay, in addition to the applicable limits of liability: (1) all expenses incurred by the company, all costs taxed against the insured in any such suit * * *".

"No action shall lie against the company * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization the right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

"Bankruptcy or insolvency of the insured or the insured's estate shall not relieve the company of its obligations * * *".

The trial court overruled the motion to set aside the previous order of dismissal "* * * for the reason that the bankruptcy proceeding (was) a complete bar to Plaintiff's claim in this action", but no order was entered as to that portion of the motion attempting to make the Ohio Casualty Insurance Company a party defendant.

Padgett states that "* * * the dispositive issue in this case is whether or not an insured bankrupt can plead bankruptcy as a defense when he has a policy of liability insurance which will cover any judgment rendered against him and when such insurance coverage was neither listed as an asset nor paid into the estate of the bankrupt for distribution to creditors." The Longs argue that Padgett ignored the bankruptcy proceedings and now has no right to liquidate his claim outside of the bankruptcy court. They contend that the policy was property which should have been listed as an asset.

First we note that the insurance contract was a liability policy as distinguished from an indemnifying policy. Taylor v. Knox County Board of Education, 292 Ky. 767, 167 S.W.2d 700, 145 A.L.R. 1333 (1942). The subject of whether a liability insurance policy was property of the bankrupt was discussed in Re Fay Stocking Co. (Wells v. Piggott) 95 F.2d 961, 36 Am. Bankr.Rep.(N.S.) 509 (CCA 6, 1938)

aff'g 10 F.Supp. 968, 29 Am.Bankr.Rep. (N.S.) 55 (D.C.Ohio), where it was written: "We question whether the bankrupt's right to enforce this policy constituted property of the bankrupt within the meaning of the Bankruptcy Act." Also see 9 Am.Jur.2d 693, Bankruptcy, § 923. We are referred to no case which indicates that such a policy is an asset of the bankrupt but the failure to list the policy is not critical here. There was nothing to pay into the estate. Liability had not been established and the claim had not been liquidated.

■ "Debts of the bankrupt may be proved and allowed against (the bankrupt's) estate which are founded upon * * * (7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy; * * *". Section 63(a) Bankruptcy Act. "The proper procedure on the part of the holder of an unliquidated claim is to file proof of claim and then apply to the bankruptcy court for liquidation of the debt." 9 Am.Jur.2d 322, Bankruptcy, § 403. Matter of Sabbatino & Co., Inc., 150 F.2d 101 (CCA 2d 1945). However, this is not an exclusive method. 8A C.J.S. Bankruptcy § 443, p. 910. The bankruptcy court, upon application of the creditor, may make an appropriate order for the liquidation of the claim in the forum in which the action is pending. Poinsett Lumber & Manufacturing Co. v. Drainage Dist. No. 7 of Poinsett County, Ark., 119 F.2d 270, 45 Am.Bankr. Rep.(N.S.) 722 (CCA 8, 1941); Foust, Adm'r v. Munson Steamship Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49, 32 Am. Bankr.Rep.(N.S.) 171 (1936). This "invests such court with discretionary power useable to fit the needs of varying situations." 9 Am.Jur.2d 361, Bankruptcy, § 468.

■ It is also stated in 9 Am.Jur.2d 362, Bankruptcy, § 469 "As a rule, a claim in bankruptcy is not liquidated by a judgment rendered after the filing of a petition in bankruptcy, unless the judgment results from litigation at the direction or with the consent of the bankruptcy court. The essential reason for the rule is that the matter of liquidation is vested in the bankruptcy court by the Bankruptcy Act." See In Re Paramount Publix Corp. (Greenberg v. Paramount Pictures) 85 F.2d 42, 106 A.L. R. 1116 (CA 2, 1936). It was noted in Ex Parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020 (1934), that a provable claim results from litigation at the direction or with the consent of the bankruptcy court for the purpose of liquidating the claim when judgment is obtained against the bankrupt after the filing of the petition in bankruptcy.

No consent was applied for or obtained from the bankruptcy court to permit Padgett to liquidate his claim in another forum. He ignored the bankruptcy proceedings and sought to litigate in the state court after Long's discharge but only that part of the claim which the insurance company would be obligated to pay if a judgment against Padgett resulted.

■ Inasmuch as the policy " * * * authorized a suit by one for whose benefit it was made, namely one who has recovered an unsatisfied judgment against the person insured" Padgett was entitled to assert his rights. Great American Indemnity Co. v. Mize, 266 Ky. 232, 98 S.W.2d 290 (1936). He " * * * was a beneficiary and a real party in interest * * * [with] a right of action against the insurer." In Re Fay Stocking Co. (Wells v. Piggott) 95 F.2d 961, 36 Am.Bankr.Rep. (N.S.) 509 (CA 6, 1938) aff'g 10 F.Supp. 968, 29 Am.Bankr.Rep.(N.S.) 55 (D.C. Ohio).

■ The provision in the policy which authorized the judgment creditor to " * * * recover to the extent of the insurance * * *" placed that creditor in the position the insured would have occupied if he had paid the judgment and sued the insurer for reimbursement. Seaboard Mut. Casualty Co. v. Profit (CA 4, Md.)

108 F.2d 597, 126 A.L.R. 1105 (1940). See Taylor v. Knox County Board of Education, 292 Ky. 767, 167 S.W.2d 700, 145 A.L.R. 1333 (1942) and 44 Am.Jur.2d 464, Insurance, § 1576.

 The Bankruptcy Act is designed to shield the bankrupt from harassment. Matter of S. W. Straus & Co., Inc., 6 F. Supp. 547, 24 Am.Bankr.Rep.(N.S.) 349 (D.C.N.Y. 1934). We detect no harassment here as the policy protects Long from liability to the extent of the amount claimed and from expenses. The bankruptcy estate, if any, will encounter no interference. Foust v. Munson Steamship Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49, 32 Am.Bankr.Rep.(N.S.) 171 (1936).

In discussing an application for permission to proceed in a state court to liquidate a claim based upon negligence, it was written in a bankruptcy proceeding for reorganization under section 77B of that act. "There is nothing in the record before us which even suggests a substantial reason for finding that liquidation of petitioner's claim by trial in an action at law would hinder, burden, delay, or be at all inconsistent with the pending reorganization, and such finding seems to be the real test for determining whether or not the restraining order should have been modified as prayed for by petitioner." Mack v. Pacific Steamship Lines, Ltd., 94 F.2d 95, 35 Am. Bankr.Rep.(N.S.) 691 (CCA 9, 1938) cert. den. 304 U.S. 582, 58 S.Ct. 1055, 82 L.Ed. 1544.

██ It appears to us at the time the trial court refused to permit Padgett to litigate his claim for the reason that the Longs had gone into bankruptcy the proper procedure would have been for that court to have authorized the establishment and liquidation of the claim without permitting enforcement against Long. Barrick-Kentucky Oil & Gas Co. v. Scrivner, 239 Ky. 127, 38 S.W.2d 960 (1931); 8A C.J.S. Bankruptcy § 490, p. 1011.

The judgment, if obtained, would be collectible only by claiming against the insurance company. Gordon v. Calhoun Motors, Inc., 222 N.C. 398, 23 S.E.2d 325, 51 Am. Bankr.Rep.(N.S.) 803 (1942).

██ No error was committed in not granting the request to make the insurance company a party to this action. New York Indemnity Co. v. Ewen, 221 Ky. 114, 298 S.W. 182 (1927); Moores v. Fayette County, Ky., 418 S.W.2d 412 (1967). Also see Cuppy v. General Accident Fire & Life Assurance Corporation, Ky., 378 S.W.2d 629 (1964), in which we said "The rule is (with the possible exception in case of insolvency or bankruptcy * * *) that an injured person cannot sue the insurance company in his original action against the insured." The posture of the case before us makes it unnecessary, at least before establishing and liquidating the claim, to bring in the insurance company as a party defendant.

The order dismissing is reversed for further proceedings consistent with this opinion.

HILL, C. J., and MILLIKEN, NEIKIRK, and PALMORE, JJ., concur.

OSBORNE and REED, JJ., concur in result.