**AUTO OWNERS INSURANCE COMPANY, Appellant,**

v.

**OMNI INDEMNITY CO., Appellee.**

**No. 2008–SC–000606–DG.**

Supreme Court of Kentucky.

Nov. 25, 2009.

Walter L. Porter, Barnett, Porter & Dunn, Louisville, KY, Counsel for Appellant.

Christopher T. Coburn, Weber & Rose, PSC, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

### I. Introduction

This is an appeal from an opinion of the Court of Appeals affirming the decision of the Jefferson Circuit Court dismissing Auto Owners Insurance Company's (Appellant's) claims against Omni Indemnity Company (Appellee) on the grounds that Appellant had no independent cause of action against Appellee because Troy Edlin, the purported tortfeasor, was dismissed from the case after filing a Chapter 13 Bankruptcy action and any payment made by Appellant was merely an overpayment for which it bore the risk of loss. For reasons that Appellant is entitled to seek subrogation from Appellee in the amount paid to its policy holder, Connie Herre, we hold that the trial court improperly dismissed Appellant's claim. We, therefore, reverse the decisions of the Court of Appeals and the Jefferson Circuit Court and remand this matter to the trial court for further proceedings consistent with this opinion.

## II. Background

Connie Herre and Troy Edlin were involved in an automobile accident in 1999. Edlin had a liability insurance policy through Omni Indemnity Company with a coverage limit of $25,000. Herre had an underinsured motorist (UIM) policy with Auto Owners Insurance Company. In an effort to settle the matter, Omni offered Herre $25,000—the policy limit. In order to preserve its subrogation rights (against Edlin and Omni) pursuant to *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895 (Ky.1993) and KRS 304.39–320(4) (which substantially codified the *Coots* decision), Auto Owners substituted its payment for that offered by Omni. In 2002, Herre filed a personal injury claim against Edlin and sought UIM benefits from Auto Owners. Auto Owners filed a cross claim against Edlin and a third-party complaint against Omni seeking subrogation of the payment it made to Herre under the UIM policy.

Subsequently, in June 2003, Edlin filed a Chapter 13 Bankruptcy action. Neither Herre nor Auto Owners filed a proof of claim or a motion to lift the automatic stay issued by the bankruptcy court, so as to proceed only against the insurance amounts. In August 2004, after the deadline for filing a proof of claim had passed, Edlin moved to be dismissed from the personal injury action. Thereafter, in February 2006, the trial court entered an order dismissing all claims against Edlin. This dismissal of Edlin effectively terminated any subrogation right Auto Owners may have had against Edlin for any UIM payments to Herre. Omni then filed a motion to clarify this order of dismissal and sought the dismissal of Auto Owners' subrogation claims against them as well. The trial court ultimately denied Auto Owners' subrogation claim against Omni for its $25,000 substituted payment. All other claims were settled by the parties. Auto Owners appealed this ruling to the Court of Appeals, which affirmed the decision of the trial court. Because Auto Owners is entitled to seek subrogation from Omni for its $25,000 substituted payment, we reverse.

## III. Analysis

■ Auto Owners argues it has a right to recover the substituted payment it made to Herre under KRS 304.39–320(4).[1] Auto Owners did just as the statute requires: refused to give its consent to settle, paid Herre the amount offered in the proposed settlement (Omni's $25,000 policy limit), and then attempted to seek subrogation from Omni. Auto Owners' attempts at subrogation, however, were denied by both the trial court and the Court of Appeals. Under the statute, Auto Owners would also normally be able to seek subrogation from the underinsured motorist, Edlin. *Id.* However, in the case at hand, Edlin had filed bankruptcy and Auto Owners had not filed a proof of claim or motion to lift the automatic stay issued by the bankruptcy court, thereby barring their subrogation claims against him. Omni argues that because Auto Owners and Herre were no longer entitled to recover damages from Edlin, they, in turn, could not

1. KRS 304.39–320(4) reads:

If an underinsured motorist insurer chooses to preserve its subrogation rights by refusing to consent to settle, the underinsured motorist insurer must, within thirty (30) days after receipt of the notice of the proposed settlement, pay to the injured party the amount of the written offer from the underinsured motorist's liability insurer. Thereafter, upon final resolution of the underinsured motorist claim, the underinsured motorist insurer is entitled to seek subrogation against the liability insurer to the extent of its limits of liability insurance, and the underinsured motorist for the amounts paid to the injured party.

seek subrogation from Omni. However, Auto Owners' inability to seek subrogation from the tortfeasor has no bearing on its statutory right to seek subrogation from Omni. The language of the statute does not inextricably link these two subrogation rights together such that if one is lost, the fate of the other is determined. *Id.*

Furthermore, in *Padgett v. Long,* our predecessor court (then the Court of Appeals) held that the bankruptcy of a tortfeasor does not prevent the plaintiff's claim from being heard. 453 S.W.2d 272 (Ky.1970). Once the tortfeasor files bankruptcy, "[t]he judgment, if obtained, would be collectible only by claiming against the insurance company." 453 S.W.2d at 276. Just as in the case at bar, the plaintiff in *Padgett* had not filed any claims in the tortfeasor's bankruptcy proceedings, but was still entitled to recover from the liability insurance carrier up to the limits of the policy. *Id.* While *Padgett* was decided before *Coots* and its subsequent codification in KRS 304.39–320(4), these later developments merely served to allow a UIM insurer, such as Auto Owners, to stand in the shoes of its insured (Herre in this instance) to seek a determination of liability and damages, and ultimately collect a judgment against the tortfeasor's liability carrier, Omni.

It is not clear at this point, however, if Auto Owners will, in fact, reclaim the $25,000 substituted payment it made to Herre. This will depend on a determination of liability and damages. Pursuant to *USAA Cas. Ins. Co. v. Kramer,* if it is determined that Edlin was not at fault, and thus Herre was entitled to no damages, then Auto Owners would not be able to recover any of the $25,000 substituted payment. 987 S.W.2d 779 (Ky.1999). Likewise, if it is determined that Herre was entitled to an amount of damages less than $25,000, then Auto Owners bears the risk of loss—it will be able to recover only the amount of damages rather than the full $25,000 substituted payment. *Nationwide Mutual Ins. Co. v. State Farm Auto. Ins. Co.,* 973 S.W.2d 56 (Ky.1998). While it is clear from *Kramer* and *Nationwide* that the UIM carrier bears the risk of overpayment once liability has been determined and damages assessed, this is not necessarily the case here as it cannot be determined whether Auto Owners overpaid until an assessment of fault and damages has been made.

## IV. Conclusion

For the foregoing reasons, the decisions of the Court of Appeals and the Jefferson Circuit Court are hereby reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

MINTON, C.J.; CUNNINGHAM, NOBLE, SCHRODER, and VENTERS, JJ., concur. ABRAMSON, J., not sitting.